IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ILEANA OLIVER, et al.,<br><br>      Plaintiffs<br><br>          v.<br><br>KMART CORP., et al.,<br><br>      Defendants | CIVIL NO. 08-1660 (JP) |

**OPINION AND ORDER**

Before the Court is a motion to dismiss filed by Defendant Kmart Corporation ("Kmart") (**No. 8**), and an opposition thereto filed by Plaintiffs Ileana Oliver ("Oliver"), her husband Aristarco Ramírez, and Conjugal Partnership Ramírez-Oliver (No. 11).  The instant complaint was filed by Plaintiffs for alleged violation of provisions of the Puerto Rico Civil Code, specifically P.R. Laws Ann. tit. 31, §§ 2994 *et seq.*, 3052 *et seq.*, and 5141 *et seq.*  The complaint relies upon federal diversity jurisdiction, alleging that Plaintiffs are citizens of Puerto Rico and Defendant is a citizen of Michigan. Defendant Kmart now moves to dismiss the case for lack of subject matter jurisdiction, arguing that Plaintiffs cannot satisfy the $75,000.00 jurisdictional requirement.  For the reasons stated herein, the Court **DENIES** Defendant Kmart's motion to dismiss.

CIVIL NO. 08-1660 (JP)          -2-

## I.   **FACTUAL ALLEGATIONS**

Plaintiff Oliver alleges that she was injured when she slipped and fell while shopping at the Kmart store in Montehiedra, Puerto Rico. Oliver visited the store in the evening on June 26, 2007. She alleges that while she was walking through the laundry detergent aisle, she suddenly slipped on what appeared to be liquid fabric softener on the floor.

Oliver alleges that two customers who were nearby at the time of the accident came to help her. Oliver sat down near the pharmacy area, and requested further assistance from the pharmacy agent. Plaintiffs allege that store employees were reluctant to respond, but eventually she was given ice and was able to speak with the store manager. Oliver later drove herself to her home, which is located a short distance from the Kmart store where the accident took place.

Prior to the accident, Oliver had received surgery for a herniated disk in her back. Plaintiffs allege that the fall in Kmart caused the symptoms associated with her surgery to recur. Oliver was subsequently diagnosed with a lumbosacral contusion and left lumbosacral radiculitis.

Plaintiffs further allege that the injuries caused by Oliver's accident prevented her from returning to work as an attorney at the law firm McConnell Valdés LLC. Oliver states that she had taken time off from work to recover from her back surgery, but was planning to return in August 2007. Plaintiffs allege damages of $150,000.00

CIVIL NO. 08-1660 (JP)          -3-

resulting from physical and emotional pain and suffering, and an additional $70,000.00 in lost income resulting from Oliver's inability to return to work.

## II. **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the United States Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

CIVIL NO. 08-1660 (JP)          -4-

### III. **ANALYSIS**

Defendant Kmart argues that Plaintiffs' claims and alleged damages could not possibly satisfy the $75,000.00 jurisdictional amount, and therefore the complaint should be dismissed. Kmart also argues that the amount alleged by the Conjugal Partnership Ramírez-Oliver, when taken separately from the damages alleged by Oliver alone, is inadequate to meet the amount in controversy requirement.

#### A.   **Amount in Controversy for Plaintiff Oliver's Claims**

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction is only available where "the matter in controversy exceeds the sum or value of $75,000.00." In assessing whether a plaintiff has met the amount in controversy requirement, the applicable rule states that the sum claimed by the plaintiff controls so long as it is apparently made in good faith. Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-289 (1938)). It must appear to a legal certainty that the claim is really for less than the jurisdictional amount in order to justify dismissal. Id.

In the instant case, Plaintiff Oliver has alleged a claim of $150,000.00 for physical and emotional injuries, as well as an additional $70,000.00 for lost income. Kmart argues that Oliver's injuries and lost income cannot be fairly valued at the alleged total sum of $220,000.00. Kmart estimates that the amount of any damages

CIVIL NO. 08-1660 (JP)          -5-

that may be obtained by Oliver will be less than the $75,000.00 minimum required for diversity jurisdiction. To support this proposition, Kmart cites a number of cases in which plaintiffs who suffered similar accidents ended up recovering less than $75,000.00.

Defendant's argument is unavailing because it fails to satisfy the test for dismissing a case on the basis of an inadequate amount in controversy. Kmart has not shown, as the rule requires, that it is a legal certainty that Oliver's claims do not meet the $75,000.00 baseline. Id. The existence of some cases in which plaintiffs with similar injuries ended up recovering less than $75,000.00 by no means creates a legal certainty that Oliver's injuries are worth less than that amount. To the contrary, Defendant's own brief cites to other cases in which similarly injured plaintiffs recovered over $75,000.00. Moreover, by contrast with the procedural posture of the instant case, all of the cases that Defendant cites involved awards that were obtained after the case proceeded beyond the motion to dismiss stage and resulted in a final judgment for the plaintiff.

Plaintiff Oliver has pled damages of $220,000.00 allegedly resulting from her fall in the Montehiedra Kmart. The complaint describes these damages as representative of physical injuries including a lumbosacral contusion and left lumbosacral radiculitis; interrupted recovery from her prior herniated disk surgery; physical therapy as well as psychiatric treatment for subsequent depression caused by her incapacitation after the fall; and lost income for work

CIVIL NO. 08-1660 (JP)           -6-

that she was unable to perform for her former employer, McConnell Valdés LLC.  The Court finds that, at this stage of the litigation, Plaintiff Oliver has adequately pled an amount in excess of the statutory minimum for diversity jurisdiction. Accordingly, the Court denies Defendant's motion to dismiss on the grounds of Oliver's alleged inability to satisfy the jurisdictional minimum amount in controversy.

### B.    Amount in Controversy for Conjugal Partnership's Claims

Defendant Kmart also argues that even if Oliver's claims are permitted to proceed, the claims on behalf of the Conjugal Partnership Ramírez-Oliver must be dismissed because they do not independently meet the amount in controversy requirement.  When more than one plaintiff seeks to recover on distinct claims, the general rule is that the plaintiffs may not aggregate the amounts of their respective claims in order to meet the jurisdictional minimum. Zahn v. Int'l Paper Co., 414 U.S. 291, 294 (1973); McCulloch v. Vélez, 364 F.3d 1, 3 (1st Cir. 2004).  However, when several plaintiffs "unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." Zahn, 414 U.S. at 294 (internal quotations omitted).

Under Puerto Rico law, wages and salaries received by either spouse during the marriage are considered property of the conjugal partnership. P.R. Laws Ann. tit. 31, § 3641(2); Rodriguez v. Ashford

CIVIL NO. 08-1660 (JP)          -7-

Presbyterian Community, 325 F. Supp. 2d 2, 5 (D.P.R. 2004). Accordingly, both spouses have a common and undivided interest in such wages, as well as in a claim to recover lost wages. Rodríguez, 325 F. Supp. 2d at 5. Because Plaintiff Oliver and her husband have a common and undivided interest in a claim for her lost wages, such a claim fits into the exception to the general rule against aggregating claim amounts for jurisdictional purposes. As described in Zahn, 414 U.S. at 294, in such cases it is sufficient for jurisdictional purposes if the combined value of the claims equals the required amount in controversy.

Paragraph fifteen of Plaintiffs' complaint alleges a claim for $70,000.00 in lost income on behalf of Oliver and the Conjugal Partnership Oliver-Ramírez.[1] Although Plaintiffs may aggregate their common and undivided rights to Oliver's lost income, the aggregate amount stated in the complaint does not meet the jurisdictional minimum of $75,000.00. Because the lost income claim is the only claim brought by the Conjugal Partnership Ramírez-Oliver, the Court lacks jurisdiction over the conjugal partnership's claim. McCulloch v. Vélez, 364 F. 3d at 3. Accordingly, the Court will dismiss the

---

1. Paragraph fifteen of Plaintiff's complaint states ". . . her loss of income may be calculated in a sum of no less than $70,000.00. The conjugal partnership . . . is claiming such amount." The Court understands this paragraph to allege a claim on behalf of Oliver herself as well as on behalf of the conjugal partnership. Reading paragraph fifteen to include Oliver's direct claim on her own behalf is appropriate in light of the language in paragraph sixteen, which also uses the similar phrasing ". . . are valued in the sum of . . ." to assert a claim by Oliver.

CIVIL NO. 08-1660 (JP)        -8-

claim brought by the conjugal partnership and by Oliver's husband Aristarco Ramírez.[2]

The Court will, however, allow the lost income claim to proceed as brought by Plaintiff Oliver. Oliver has alleged lost income in the amount of $70,000.00, and physical and emotional injuries in the amount of $150,000.00. As discussed above, Oliver has met the jurisdictional minimum because her total claims amount to $220,000.00.

The Court will dismiss the claims brought by Aristarco Ramírez and the Conjugal Partnership Ramírez-Oliver without prejudice. Torres-Fuentes v. Motorambar, Inc., 396 F.3d 474 (1st Cir. 2005) (holding that dismissal for failure to meet minimum jurisdictional amount must be without prejudice). However, upon resolution of Oliver's claim for lost income, the Conjugal Partnership Oliver-Ramírez will not be permitted to bring a subsequent separate claim for the same lost income. Paredes Figueroa v. Int'l Air Serv. of Puerto Rico, 662 F. Supp. 1202, 1203 (denying conjugal partnership's attempt to get "two bites of the apple" by bringing separate claim for remedies already obtained in claim brought by one spouse).

---

2.   Plaintiff Oliver's husband, Aristarco Ramirez, does not state any claims independent of those brought by the conjugal partnership. Therefore, the Court dismisses his claims together with those of the conjugal partnership.

CIVIL NO. 08-1660 (JP)            -9-

## IV. **CONCLUSION**

In conclusion, the Court denies Defendant's motion to dismiss as to Plaintiff Oliver's claims for physical and emotional injuries and lost income.  The Court grants Defendant's motion to dismiss as to the claims brought by Aristarco Ramírez and the Conjugal Partnership Ramírez-Oliver.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of March, 2009.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE
